UNITED STATES of America ex rel.
Harold LONGSTREET, Relator,

v.

WARDEN, ILLINOIS STATE PENITENTIARY, STATEVILLE BRANCH, Respondent.

No. 75 C 714.

United States District Court,
N. D. Illinois, E. D.

Oct. 24, 1975.

Robert P. Isaacson, Chicago, Ill., for relator.

William J. Scott, Atty. Gen. of Illinois, Chicago, Ill., for respondent.

## MEMORANDUM DECISION

MARSHALL, District Judge.

Petitioner, Harold Longstreet, who is represented by the Public Defender of Cook County, Illinois, seeks habeas corpus relief from an Illinois armed robbery conviction. 28 U.S.C. §§ 2241, 2254. Petitioner is presently incarcerated at the Stateville Branch of the Illinois State Penitentiary as a result of his conviction which followed a jury trial and was affirmed on appeal by the Illinois Appellate Court. *People v. Longstreet,* 23 Ill.App.3d 874, 320 N.E.2d 529 (1st Dist. 1974). The Illinois Supreme Court denied leave to appeal and petitioner did not seek certiorari nor did he seek relief under the Illinois Post-Conviction Proceeding Act. Ill.Rev.Stat. ch. 38, § 122–1 *et seq.* (1973). However, while respondent moves to dismiss the petition under Rule 12(b)(6) of the Federal Rules of Civil Procedure, no claim is made that petitioner has failed to exhaust his state remedies because the sole issue he raises here was presented to the Illinois Appellate Court and decided adversely to him. Under these circumstances, Illinois courts would apply res judicata to a post-conviction proceeding which raised the issue. In these circumstances, the court of appeals for this circuit has held that a habeas petitioner need not pursue the state post-conviction remedy because it is "ineffective." 28 U.S.C. § 2254(b); *United States ex rel. Williams v. Brantley,* 502 F.2d 1383, 1385–86 (7th Cir. 1974).

The facts underlying petitioner's conviction are alleged in his petition and the reported opinion of the Illinois Appellate Court. The complaining witness, Henry Liese, testified that on September 6, 1970, he went to collect rents from certain tenants in a building he owned in Chicago. After collecting the money, he returned to his car where he was met by a man who demanded all his money. The assailant was armed with a small snub-nosed blue steel gun.

After some preliminary police investigation, Liese viewed some photographs of "previous offenders of robberies" and identified petitioner. Thereafter, he identified petitioner at a line-up and at the trial. Petitioner does not challenge the sufficiency or constitutional propriety of any of these identifications.

Following Liese's photographic identification of petitioner, the police obtained a search warrant and went to petitioner's apartment. Upon being admitted, they found petitioner asleep in bed. There was a metal box next to the head of the bed. The officers opened the box and found three pistols in it: a snub-nosed .38 caliber revolver, an automatic and a large bore revolver. All three weapons were seized and taken along with defendant to the station where Liese identified the snub-nosed .38 caliber revolver as the gun that had been used in the robbery. Thereafter, Liese viewed the line-up and identified defendant.

At petitioner's trial, all three guns seized from his apartment were offered and received in evidence. No challenge is made in respect to the .38 caliber revolver. However, petitioner did object at trial, on appeal and here, to the admissibility of the other two weapons which were received solely on the identification of the arresting officers that they had been seized at the time of arrest. Petitioner's stated objection to the guns was that they were irrelevant.

In affirming petitioner's conviction, the Illinois Appellate Court rejected petitioner's contention that it was prejudicial error for the trial court to receive the automatic and large bore revolver saying (23 Ill.App.3d at 882, 320 N.E.2d at 534):

It has long been the rule that "even though no claim is made that the accused used [the particular] weapon in committing the particular crime, the weapon may be the subject of testimony concerning the details of the arrest and also be admitted into evidence. *People v. Lenhardt,* 340 Ill. 538, 173 N.E. 155; *People v. Durkin,* 330 Ill. 394, 161 N.E. 739; *People v. Dale,* 355 Ill. 330, 189 N.E. 269. Cf. *People v. Smith,* 413 Ill. 218, 108 N.E.2d 596." (*People v. Jackson,* 9 Ill.2d 484, 492, 138 N.E.2d 528, 532.) Thus, for example, in *People v. Moore,* 42 Ill.2d 73, 246 N.E.2d 299, the Supreme Court rejected a claim similar to that raised by defendant where a revolver seized at the time of the accused's arrest was shown to a jury even though no testimony linked it

to the commission of the crime for which he was being tried, and in *People v. Trice,* 127 Ill.App.2d 310, 262 N.E.2d 276, a starter's pistol found in the possession of the defendant when he was arrested was ruled to have been properly placed in evidence despite the fact that it was never alleged that he had used the gun. The record before us reveals that [the arresting officers] discovered the weapons in question in a metal box located at the head of defendant's bed during the course of a search incident to his arrest, and therefore we find that it was not error to allow them to be introduced into evidence.

The petitioner's sole argument in support of his collateral attack here is that the Illinois trial court applied a " 'per se admissibility' rule allowing two highly prejudicial guns to be introduced into evidence, when there existed absolutely no connection between the two guns and the offense charged, [violating] petitioner's due process rights to a fair and impartial jury trial . . . . ."

■ Based upon the previously quoted language from the Illinois Appellate Court's opinion, petitioner argues that whenever an individual is arrested and a gun is found on his person, Illinois courts admit the gun into evidence at his trial on the underlying charge regardless of the nature of the charge or the relevancy of the gun thereto. Although the language employed by the Illinois Appellate Court in petitioner's case and its ruling sustaining the admissibility of the guns here in question at petitioner's trial suggest such a "per se" rule of admissibility, a review of other Illinois decisions does not support a rule so broad as petitioner argues exists. Furthermore, habeas corpus does not lie to review either the general soundness of a state rule of evidence or the correctness of the application of a state rule of evidence in a particular case. State evidentiary rulings are not subject to review by a federal habeas court unless they offend some specific federally guaranteed right or are so irrational and egregious as to produce a trial so lacking in fundamental

fairness as to violate the due process clause of the fourteenth amendment. *United States ex rel. Bibbs v. Twomey,* 506 F.2d 1220, 1222–23 (7th Cir. 1974); *see Chambers v. Mississippi,* 410 U.S. 284, 302–303, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973); *Moore v. Illinois,* 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972).

The Illinois Supreme and Appellate Courts have held that a weapon seized from the accused upon his arrest which is suitable for or similar to the weapon used in the commission of the crime charged is admissible in evidence although no specific claim is made that the particular weapon was used in the commission of the crime. Thus in *People v. Moore,* 42 Ill.2d 73, 246 N.E.2d 299, 302–303 (1969), *reversed on other grounds, Moore v. Illinois,* 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972), the Illinois Supreme Court held that a 16 gauge shotgun seized from the defendant at the time of his arrest was admissible against him in a prosecution for murder with a shotgun even though there was no specific showing that the gun seized was the gun used in the killing. And in *People v. Trice,* 127 Ill.App.2d 310, 320, 262 N.E.2d 276, 281 (1st Dist. 1972), the court approved receiving in evidence against one defendant a .22 caliber starter pistol found in his possession at the time of his arrest, which was identical to a starter pistol found in the possession of his co-defendant at the time of his arrest, the latter pistol being identified by the victim as the gun used by the defendant's partner. In each of these instances, the weapon seized from the defendant was of the same or similar character to that used in the offense, and while a trial court in the exercise of its discretion might exclude the proof, it cannot be said that it had no rational connection with the charge made against the particular defendant.

A superficially similar, but really quite different Illinois rule states that when a weapon is found on the person of a defend-ant fleeing from or seeking to avoid or resist arrest for a crime, the weapon may be the subject of testimony surrounding the details of the arrest although no claim is made that the weapon seized was used in the commission of the offense. *People v. Jackson,* 9 Ill.2d 484, 492, 138 N.E.2d 528, 532 (1956); *People v. Moore, supra.* These cases involve a ramification of the widely accepted notion that flight or resistance to arrest are acts of an accused showing consciousness of guilt.

The instant case, however, does not appear to involve the correct application of either of these principles. While both of the guns of which petitioner complains can be said to have been suitable for the commission of the offense for which he was charged, neither was similar. Indeed, the victim, Liese, identified the third gun seized—the .38 caliber snub-nosed—as the weapon employed by his assailant. Nor was there any evidence that petitioner had fled or resisted or sought to use any of the weapons at the time of his arrest. *Cf. People v. Jackson, supra.* And while the fact that defendant was arrested has arguable relevancy for the purpose of explaining to the jury the circumstances under which the robbery gun was found in the possession of defendant, the fact of arrest should not carry with it the introduction of weapons seized which have utterly no probative value to the crime charged.[1] Thus, were this a direct review of petitioner's conviction, we would be inclined to hold that the trial court had erred in overruling petitioner's objections to the two guns in receiving them in evidence. Whether in light of the record we would have concluded that the error was prejudicial warranting reversal, we need not decide. For the standard here is whether in light of the entire record the error was so irrational and egregious as to deprive petitioner of the fair trial guaranteed him by the due process clause of the Fourteenth Amendment.

---

1. Of course, the fact or act of arrest by an officer standing alone has no probative value. It is at best extra-judicial conduct of the officer of an accusatory nature showing that either he or a magistrate who had issued an arrest warrant had found there was probable cause to believe that the arrestee had committed the offense.

In *Moore v. Illinois,* 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972), the Supreme Court on direct certiorari review of *People v. Moore, supra,* considered whether the receipt in evidence over defendant's objection of the 16 gauge shotgun in his prosecution for murder with a 12 gauge shotgun was so egregious as to deny him due process of law. After observing that the Illinois Supreme Court had held the shotgun was properly received in evidence, the majority of the Court, in an opinion by Mr. Justice Blackmun, stated (408 U.S. at 799–800, 92 S.Ct. at 2570):

> In any event, we are unable to conclude that the shotgun's introduction deprived Moore of due process of law guaranteed him by the Fourteenth Amendment. The 16-gauge shotgun, found in the car, was in the constructive possession of both Moore and Barbee when they were arrested after the shooting incident on October 31. There is substantial other evidence in the record that a shotgun was used to kill [the victim], and that he suffered the wounds one would expect from a shotgun fired at close range. The testimony as to the murder itself, with the details as to the shotgun wounds, is such that we cannot say that the presentation of the shotgun was so irrelevant or so inflammatory that Moore was denied a fair trial. The case is not federally reversible on this ground.

Mr. Justice Marshall writing for himself and Justices Douglas, Stewart and Powell, agreed "that the introduction of the shotgun into evidence at petitioner's trial did not violate the Fourteenth Amendment." 408 U.S. at 801, 92 S.Ct. at 2571. He elaborated,

> . . . Although this highly prejudicial and irrelevant evidence was introduced, and although the prosecution did its best to lead the jury to believe that there was a relationship between the murder weapon and the shotgun in evidence, the fact that petitioner's counsel explained to the jury that the two weapons were not identical is, on the very closest balance, enough to warrant our finding that the jury was not improperly misled as to the nature of the evidence before it. 408 U.S. at 801, fn. 1, 92 S.Ct. at 2571.

█ Viewing petitioner's complaint against both the general principle that state court evidentiary rulings are not subject to federal review unless they offend some specific federally protected right, and the Supreme Court's decision in *Moore,* we conclude that respondent's motion to dismiss should be granted. The two guns in question were in possession of petitioner when he was arrested. They were received in evidence on the theory that they were relevant to the circumstances surrounding his arrest. While in a trial here, we would likely conclude that the guns were irrelevant, it cannot be said on the totality of the record that petitioner was denied a fundamentally fair trial and due process of law. *Compare, Walker v. United States,* 490 F.2d 683, 684, fn. 2 (8th Cir. 1974). Petitioner was identified by the victim as was the gun used in the robbery which was found in petitioner's possession. These identifications are not challenged. In the circumstances of this case, petitioner's conviction is not vulnerable to federal collateral attack.

Respondent's motion to dismiss is granted and judgment will enter dismissing the action.