**UNITED STATES of America ex rel. Andrew N. SNYDER, Petitioner,**

v.

**PEOPLE OF the STATE OF ILLINOIS, Respondent.**

**No. 76 C 4360.**

United States District Court, N. D. Illinois, E. D.

Dec. 21, 1977.

**76**

Andrew N. Snyder, pro se.

John Prusik, Asst. Atty. Gen., State of Illinois, Chicago, Ill., for respondent.

## MEMORANDUM ORDER

BUA, District Judge.

This is a proceeding on a state prisoner's petition for a writ of habeas corpus. 28 U.S.C. §§ 2241, 2254. Before the court is respondent's motion to dismiss the petition for failure to state a claim (Rule 12(b) F.R. Civ.Pro.) or, in the alternative, for summary judgment. (Rule 56(b) F.R.Civ.Pro.)

Petitioner Andrew N. Snyder was charged with burglary (Ill.Rev.Stat.1973, ch. 38, § 19–1) and theft (Ill.Rev.Stat.1973, ch. 38, § 16–1(a)) for allegedly entering an abandoned farmhouse and there obtaining

control over stolen property. After a jury trial in the Circuit Court of Livingston County, he was convicted of both charges. He was fined $300 and sentenced to a term of imprisonment of from 5 to 20 years. The Illinois Appellate Court reversed as to the theft, finding that it arose out of the same conduct as the burglary, but affirmed the burglary conviction. *People v. Uselding*, 39 Ill.App.3d 677, 350 N.E. 283 (4th Dist. 1976).[1] The Illinois Supreme Court denied leave to appeal, 63 Ill.2d 562 (1976). While serving his sentence on the burglary conviction at the Illinois State Penitentiary in Joliet, petitioner filed this action.[2]

The opinion of the Illinois Appellate Court contains a detailed statement of the underlying factual situation. For present purposes, a brief summary will suffice: On May 7, 1974, employees at the Standard Oil plant in Reddick, Illinois discovered that a door panel at the plant was broken and that approximately 80 to 86 five-gallon cans of Treflan (an agricultural chemical) were missing. On May 10, the Livingston County sheriff's department was notified that 37 five-gallon cans of Treflan had been found in the basement of an abandoned farmhouse located on the northeast corner of the intersection of Route 47 and Laretto-Emington Road. Upon investigating, sheriff's police verified this information and established that the cans in the farmhouse bore the same lot numbers as those missing from the plant. A search of the other farm buildings revealed no persons or other cans of Treflan. Officers then began constant surveillance of the house from a point about one-eighth to one-quarter mile west of the intersection on Laretto Road, where they had an unobstructed view of traffic approaching the intersection from all four directions.

1. Because the issues raised in the instant petition were presented to the Illinois Appellate Court and decided adversely to the petitioner, he is not required, as a precondition to seeking federal habeas corpus relief, to pursue his remedy under the Illinois Post-Conviction Proceeding Act (Ill.Rev.Stat. ch. 38, § 122–1 *et. seq.*). 28 U.S.C. § 2254(b); *United States ex rel. Williams v. Brantley*, 502 F.2d 1383, 1385–86 (7th Cir. 1974); *United States ex rel. Longstreet v. Warden*, 414 F.Supp. 674, 675 (N.D.Ill.1975).

2. Joliet is within the territorial limits of the Northern District of Illinois. The fact that after this action was properly initiated, the petitioner was transferred to the Illinois correctional facility at Vienna, outside the Northern District, does not deprive this court of jurisdiction. See e. g., *Laue v. Nelson*, 279 F.Supp. 265 (N.D.Cal.1968).

The first activity observed near the farmhouse was the arrival of a vehicle at about 11:45 p. m. that evening. The officers testified that after the vehicle had parked on the side of the road south of the house, two subjects, both wearing dark clothes, approached the house from the south. Subsequently, a figure was seen walking south away from the house. About two or three minutes later, the vehicle started up and headed west on Laretto Road. Sheriff's police stopped this vehicle, a motor home or camper, about two miles west of the intersection. Thomas Uselding was driving the camper; petitioner and his wife were passengers. When a license check revealed that Uselding was carrying an altered driver's license, he was placed under arrest. All three occupants and the camper were taken to the Livingston County jail.

While the camper was being stopped, other officers moved in to search the farmhouse and surrounding area. No persons or vehicles were found. The Treflan cans, however, had been moved outside the house and were stacked two or three deep on the east side near the basement door. It had rained earlier and the ground was wet, but the tops of the cans were dry.

When the camper arrived at the jail, police searched it. They found a 15-inch piece of metal about one-eighth or one-sixteenth of an inch in thickness, and a pair of wet boots, among other things. These objects, a sweater, and a pair of black loafers taken from petitioner's person were admitted into evidence over petitioner's motion to suppress.

Petitioner's wife testified in his behalf. She explained that she, her husband, and Uselding were test-driving the camper to St. Louis when she thought she smelled propane gas. They stopped on Route 47 at the intersection of Laretto-Emington Road so that petitioner and Uselding could get out and check for a gas leak. While the two men were outside the vehicle, they were at all times in the witness' sight. When they reentered the vehicle, they had a piece of metal which had come from the area near the gas control. It was decided

that the trip to St. Louis would proceed no further. They had turned west down Laretto Road to look for a suitable place to turn around when they were stopped by police.

The instant petition seeks habeas corpus relief on grounds (1) that petitioner was not proven guilty beyond a reasonable doubt and (2) that the trial court erred (a) in admitting evidence which was the fruit of a warrantless search of petitioner's motor home conducted without probable cause, (b) in permitting testimony as to the prior burglary at the Standard Oil plant, and (c) in refusing to give the jury a proffered instruction on circumstantial evidence. Each of these grounds was presented to the Appellate Court and included in petitioner's petition for leave to appeal to the Illinois Supreme Court.

▊ Regarding the sufficiency of the evidence, any inquiry by this court is extremely limited. As the court said in *United States ex rel. Hubbard v. Cannon*, 403 F.Supp. 675, 677 (N.D.Ill.1975):

"On a federal habeas collateral attack on a state court conviction, complaints as to the sufficiency of the evidence cannot be heard unless the record is so devoid of evidentiary support as to raise an issue of due process. *United States ex rel. Johnson v. Illinois*, 469 F.2d 1297 (7th Cir. 1972), *cert. denied*, 411 U.S. 920, 93 S.Ct. 1560, 36 L.Ed.2d 313 (1973). Indeed, only when there is no evidence to support the finding of guilty may it be set aside as violative of due process of law. *Thompson v. Louisville*, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960)."

In the present case, it cannot be said that there was such a gross lack of evidence of guilt as to violate due process. Petitioner was charged with burglarizing the farmhouse and with theft by there obtaining unauthorized control of the cans of Treflan. While the evidence presented was entirely circumstantial, it strongly suggested that on May 10, 1974, just after 11:45 p. m., petitioner and Uselding entered the basement of the farmhouse and removed the cans, stacking them on the east side of house near the basement door. From these

circumstances the trier of fact could have properly inferred the requisite intent. The failure of the officers to actually observe anyone enter the house or move the cans is accounted for by the fact that the officers, observing from the west, had no view of the east side of the house. Accordingly, insofar as petitioner challenges the sufficiency of the evidence, respondent's motion to dismiss or, alternatively, for summary judgment must be granted.

Petitioner's next argument, that regarding the legality of the search of the motor home, having been fully litigated in Appellate Court, cannot be raised here. In *Stone v. Powell*, 428 U.S. 465, 494, [96 S.Ct. 3037, 3046, 49 L.Ed. 1067] (1976) the court set forth the rule that:

> ". . . where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at his trial."

It is also argued that the testimony concerning the prior burglary at the Standard Oil plant was prejudicial, since petitioner was not charged with taking the Treflan from the plant. However, as the Appellate Court pointed out, such evidence was indeed relevant to show ownership of the Treflan as well as the fact that petitioner had exercised control over the cans without authorization. Moreover, the admissibility of evidence is a matter of state law and unless there is a resultant denial of fundamental fairness or the denial of a specific constitutional right, no constitutional issue is raised. *United States ex rel. Clark v. Fike*, 538 F.2d 750 (7th Cir. 1976); *United States ex rel. Harris v. Illinois*, 457 F.2d 191 (7th Cir. 1972).

Lastly, petitioner argues that the court erred in refusing to instruct the jury, as provided in the second paragraph of Illinois Pattern Jury Instructions, Criminal, No. 3.02, that a circumstantial evidence case should exclude every reasonable hypothesis of innocence.[3] Such an instruction would have been appropriate here, since the state's case was entirely circumstantial. However, in view of the strength of the inference of guilt arising from the established facts, this court finds that petitioner was not deprived of a fair trial or substantial justice. Significantly, the Illinois courts have expressed great reluctance to grant a reversal for failure to give the second paragraph of IPI 3.02. *See e. g., People v. Hammers*, 35 Ill.App.3d 498, 341 N.E.2d 471 (1976). In *People v. Merkel*, 23 Ill.App.3d 298, 319 N.E.2d 77 (1974), the court stated that a failure to give this instruction would warrant reversal only in those instances where justice had been denied or it appeared that the verdict resulted from such error.

Accordingly, respondent's motion to dismiss or, in the alternative, for summary judgment is granted.

---

**3.** IPI, Criminal, No. 3.02 provides:

"Circumstantial evidence is the proof of facts or circumstances which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of the defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict.

You should not find a defendant guilty unless the facts and circumstances proved exclude every reasonable theory of innocence."