Larry N. WHITE, Petitioner–Appellant,

v.

John LAMANNA, Warden,
Respondent–Appellee.

No. 01–4051.

United States Court of Appeals,
Sixth Circuit.

May 3, 2002.

Before SUHRHEINRICH and
GILMAN, Circuit Judges; HOOD,
District Judge.*

Larry N. White appeals a district court judgment that dismissed his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in the United States District Court for the Eastern District of Michigan in 1989, White was convicted of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841 & 846 and was sentenced to 480 months of imprisonment. *See United States v. Walton,* 908 F.2d 1289, 1291 (6th Cir.1990). This court affirmed White's conviction and sentence. *Id.* at 1303. After the government filed a Fed.R.Crim.P. 35 motion to reduce White's sentence to 360 months of imprisonment based upon White's cooperation, the district court further reduced White's sentence to 300 months of imprisonment. *See White v. United States,* No. 93–1463, 1994

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

WL 20094, at \*1 (6th Cir. Jan.24, 1994). Thereafter, the district court denied a motion to vacate White's sentence filed under 28 U.S.C. § 2255, and this court affirmed the district court's judgment. *Id.* Most recently, this court denied White's motion for an order authorizing the district court to consider a second or successive motion to vacate his sentence under 28 U.S.C. § 2255, in which White sought to pursue the same claim for relief he seeks to assert herein: that he is entitled to have his sentence vacated in light of the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *In re: White,* No. 01–1560 (6th Cir. Dec. 27, 2001) (unpublished).

■ On May 31, 2001, while he was incarcerated in federal prison in Lisbon, Ohio, White filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Northern District of Ohio, asserting his *Apprendi* claim. After White was transferred to a federal prison in Terre Haute, Indiana, the district court dismissed the petition sua sponte without prejudice for lack of jurisdiction. White filed a timely notice of appeal. On appeal, White contends that the district court improperly dismissed his petition for lack of jurisdiction.

■ Upon de novo review, *see Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir. 1999), we may affirm the judgment for reasons other than those stated by the district court. *See Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999); *Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co.,* 772 F.2d 214, 216 (6th Cir.1985). Federal prisoners may file a § 2241 petition in which they challenge the execution or manner in which the sentence is served only in the district court having jurisdiction over the prisoner's custodian. *Charles,* 180 F.3d at 755–56; *United States*

*v. Jalili,* 925 F.2d 889, 893 (6th Cir.1991); *Wright v. United States Bd. of Parole,* 557 F.2d 74, 77 (6th Cir.1977). A district court's jurisdiction generally is not defeated when a prisoner who has filed a § 2241 petition while present in the district is involuntarily removed from the district while the case is pending. *United States ex rel. Snyder v. State of Illinois,* 442 F.Supp. 75, 76 n. 2 (N.D.Ill.1977). Because White filed his petition while he was incarcerated in the Northern District of Ohio, the district court retained jurisdiction over his petition following his transfer.

Nonetheless, the relief sought by White is unavailable under § 2241. A federal prisoner may challenge a conviction or imposition of sentence under § 2241 rather than by motion filed under 28 U.S.C. § 2255 only under very unusual circumstances in which the remedy under § 2255 is inadequate or ineffective. *Charles,* 180 F.3d at 755–56. The prisoner must prove that § 2255 is inadequate or ineffective. *Id.* at 756. However, the remedy under § 2255 is not inadequate or ineffective simply because a petitioner has been denied relief under § 2255 or permission to file a second or successive § 2255 motion. *Id.* at 756–58. The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *Id.* at 758.

The only claim that this court has recognized as cognizable under § 2241 is a claim of actual innocence based upon a new rule of law made retroactive by a Supreme Court case, such as the claim raised in the case of *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). *See Charles,* 180 F.3d at 756–57. Moreover, the Supreme Court recently held that only a decision by the Supreme Court itself concerning the retroactivity of a new rule of constitutional law can satisfy this requirement. *Tyler v. Cain,* 533 U.S. 656,

662, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). This court subsequently concluded that the Supreme Court has not made *Apprendi* applicable retroactively to cases on collateral review. *See In re Clemmons*, 259 F.3d 489, 492–93 (6th Cir.2001). Because the *Apprendi* case does not apply retroactively, White cannot raise a claim that satisfies the elements of a possible actual innocence claim as set forth in *Charles*. Under these circumstances, we will affirm the district court's judgment because White's claim is not cognizable under § 2241.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.