**Joseph Daniel WALKER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 73–1491.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 11, 1973.

Decided Jan. 23, 1974.

James W. Gallman, Fayetteville, Ark., for appellant.

James A. Gutensohn, Asst. U. S. Atty., Fort Smith, Ark., for appellee.

Before BRIGHT and STEPHENSON, Circuit Judges, and STUART, District Judge.*

BRIGHT, Circuit Judge.

Joseph Daniel Walker appeals from a jury verdict in the United States District Court for the Western District of Arkansas, convicting him of armed bank robbery in violation of 18 U.S.C. § 2113(d). Because the trial court erred in admitting into evidence a pistol—found on the defendant at the time of his arrest but demonstrably unconnected with the crime—we must reverse and remand for a new trial.

On February 12, 1973, an individual wearing a hooded Army jacket, sunglasses, and a black wig, entered the Eastside Branch of the First National Bank of Fort Smith, Arkansas, shortly before closing time, brandished a revolver, and escaped with some $44,000 in cash. Subsequent police investigation led three days later to the arrest of the

* WILLIAM C. STUART, District Judge, Southern District of Iowa, sitting by designation.

defendant and the seizure of a chrome-plated "Four-Hand Arms 32 caliber revolver," found in the defendant's coat pocket.

At the trial, the Government elicited testimony regarding this pistol from the branch manager and the teller who were involved in the robbery. Both specifically stated that the pistol shown to them in court—the one seized from the defendant's person—was definitely not the weapon used in the robbery. The manager's description of the robbery weapon detailed the difference between the chrome-plated revolver found on Walker and the one used in the robbery which he said "had a flat black or bluing on it like a Rossi or imported Italian."

Despite this testimony and defense counsel's repeated objections, motions to exclude, and motions for mistrial, the trial court nevertheless admitted the pistol into evidence following the testimony of the police officer who seized the weapon from the defendant.[1] We hold that this was prejudicial error.

█ This is not at all the classic case of admitting into evidence a "similar" weapon which was found in the possession of a defendant but which could not be positively identified as that used in a crime. Such evidence has been regularly admitted as relevant. *E. g.*, Banning v. United States, 130 F.2d 330, 335 (6th Cir. 1942); United States v. Cunningham, 423 F.2d 1269, 1276 (4th Cir.

1970).[2] Here there was positive evidence that the pistol admitted was *not* similar to the one used in the crime. Thus the traditional justification for the admission of such a weapon is cut away and the evidence must be seen as irrelevant since it was not probative of the proposition that the accused committed the crime charged.

██ Further the pistol is "irrelevant" in the other sense of the word, since it leads only to inferences about matters that were not properly provable in this case, *i. e.*, the defendant's dangerous character. *See* McCormick's Handbook of the Law of Evidence § 185 (1972). As the California Supreme Court has correctly stated in People v. Riser, 47 Cal.2d 566, 305 P.2d 1, 8 (1956):

> When the prosecution relies * * * on a specific type of weapon, it is error to admit evidence that other weapons were found in [the defendant's] possession, for such evidence tends to show, not that he committed the crime, but only that he is the sort of person who carries deadly weapons.

Here the pistol lent itself to inferences regarding the defendant's propensity to behave violently, and, as with other evidence of a defendant's bad character," the prosecution may not employ such tactics unless the defendant himself places the matter at issue. *See* McCormick, *supra* at § 190. In the setting of a jury trial, whatever probative value

1. On cross-examination, the police officer himself admitted that he found no weapon identifiable as having been used in the robbery:

Q. You did not find the weapon used in the robbery did you?
A. No, sir. I found none that I know of that was used in the robbery.
Q. The witnesses do not describe any such things as Government's Exhibit Four. That's a pistol there.
A. This was the only pistol I found.
Q. None of the witnesses you talked to described the gun that is chrome plated, did they?
A. No, sir.

2. The Supreme Court's decision in Moore v. Illinois, 408 U.S. 786, 798–800, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972), relied on by the Government, has not expanded this category of admissible evidence. In its limited constitutional review of a state court case, the Court merely held that it was not a violation of the due process clause of the fourteenth amendment to admit a weapon which was suitable for committing the crime charged even though there was no showing that it was the actual weapon used. The Court did not reach the question of the admissibility of the weapon under common law evidentiary principles which apply to direct appellate review of a judgment of conviction.

this sort of evidence may have is outweighed by the danger of prejudice.[3] Admission of the pistol, therefore, compels reversal, for in our examination of the whole record, we are satisfied the error was more than harmless.

The prosecution bottomed its case on eyewitness identification from several persons in the bank. Yet other witnesses in the vicinity of the crime could not identify the defendant as the robber who, as we have already noted, entered the bank at least partially disguised by his wearing of a hood, sunglasses, and a black wig. The defendant testified and denied his implication in the robbery, stating that he was working as a bricklayer at the time of the robbery. Of course, in taking the stand, the defendant was required to disclose his status as an ex-convict. His alibi was supported by witnesses, members of his family, and others. The prosecution produced less than an airtight case. An inquiry from the jury to the court made almost immediately upon the jury's retirement disclosed at least one juror's preoccupation with weapons as they related to the case, for that juror wanted to know if the FBI had confiscated two guns at appellant's residence.[4] The court then sent a message advising the jury to rely on their memory of the case.

Taking all circumstances in account—the nature of the prosecution's case and that of the defense, the prosecutor's argument concerning the gun in question and the inquiry from a juror—we must conclude that the introduction of the weapon as an exhibit in the trial served to seriously prejudice the defendant.

█ Defendant raises two other points on his appeal which require comment. Because we remand for a new trial, it is unnecessary to address ourselves to the issue relating to Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and the alleged failure of the government to supply exculpatory information to the defendant since the information is now in the defendant's hands. As to the second point, we find no error in the testimony of police officer Daniels regarding the time at which he personally received notice of the bank robbery. Although it would undoubtedly have been hearsay for Officer Daniels to have testified to the time at which the bank's burglar alarm sounded at the police station—since he was not personally present—defense counsel's several objections during the questioning of Officer Daniels successfully kept out any erroneous testimony on this point.

Because of the prejudicial error stemming from the admission of the pistol seized from the defendant, the case must be reversed and remanded for retrial.

Reversed and remanded.

---

3. The prosecution indeed relied upon precisely this type of inference in its closing argument on rebuttal:

Ladies and gentlemen, I want to ask you this, here is a man on parole, that was in the process of taking a loaded gun from his home to an address that he had given as his address because his brother did not answer the telephone. * * * [The police] searched the defendant, they found a gun on him; oh, he was going to work, he sure was, he was going to work somebody over, just exactly like the way he worked those people over in the bank * * *.

4. Appellant's wife testified on cross-examination that the defendant kept two guns at his premises. She identified one as the weapon in question which the prosecutor introduced into evidence and the other as a tiny, black or blue weapon.