COMMONWEALTH vs. ANGEL S. TORO.

Suffolk. March 4, 1985. — July 10, 1985.

Present: HENNESSEY, C.J., WILKINS, NOLAN, & LYNCH, JJ.

*Homicide. Evidence,* Relevancy and materiality, Judicial discretion, Fire-
arm. *Practice, Criminal,* Mistrial, Argument by prosecutor.

At a murder trial, error in the admission of evidence that the defendant
possessed certain weapons and associated items which could not have
been used in the killing was not prejudicial to the defendant, and thus
did not require reversal of his conviction, in view of other evidence,
much of it from his own witnesses, that he was a dealer in cocaine, had
spent time in jail, and had carried weapons at various times. [355-359]
At the trial of indictments charging murder and other serious crimes, the
judge acted properly within his discretion in denying the defendant's
motion for a mistrial on the ground that a gun silencer marked for
identification had never been connected with the defendant, and in in-
structing the jury to disregard evidence about a silencer. [359]
At a criminal trial, remarks made by the prosecutor in his closing argument
were not unfairly prejudicial to the defendant. [359-360]

INDICTMENTS found and returned in the Superior Court De-
partment on July 7, 1981.

The cases were tried before *Alan J. Dimond,* J.

*Walter T. Healy (Frank G. Kelleher* with him) for the defend-
ant.

*John A. Kiernan,* Assistant District Attorney, for the Com-
monwealth.

WILKINS, J. On appeal the defendant, convicted of murder
in the first degree and armed robbery, challenges the admission
of certain evidence and the propriety of portions of the pros-
ecutor's closing argument. He also seeks relief under G. L.
c. 278, § 33E (1984 ed.). We affirm the convictions.

About 8 P.M. on Sunday, April 19, 1981, a desk clerk at
the Howard Johnson's Motor Lodge on the Southeast Express-

way in Boston was shot and killed. Approximately $385 was taken from a cash register. At the trial a bartender at the motor lodge and a motel patron identified the defendant as the robber. The principal factual issue at trial was whether the defendant was the person who committed the crimes. The defendant presented evidence that challenged the prosecution witnesses' identification of him; he offered alibi evidence; and he contended that, because he had substantial amounts of money available to him as a cocaine dealer, he had no reason to want to rob anyone on that day. The defendant did not take the stand. The issue for the jury was one of credibility on sharply conflicting evidence. An earlier trial of these indictments had ended with a mistrial because the jury could not reach verdicts after deliberating during a four-day period. This jury deliberated for more than six hours before returning their verdicts.

1. The defendant argues that it was reversible error to admit in evidence certain weapons, ammunition, and associated items which a Pennsylvania State trooper had seized in May, 1981, in a guest room in the Raystown County Inn in Huntingdon, Pennsylvania. The defendant contends that there was no proper basis to conclude that the room was his. He argues further that the presence of weapons, ammunition, and related items in the room was irrelevant and, in any event, their admission in evidence was unfairly prejudicial. The victim had been killed by a bullet from a .38 caliber weapon.

A Pennsylvania State trooper testified that on May 9, 1981, he seized two .32 caliber revolvers, a basket weave holder for a .45 caliber clip, and numerous rounds of ammunition for weapons other than .38 caliber weapons. He also seized various .38 bullets and an ammunition holder for .38 caliber cartridges. Before the items were introduced in evidence, the judge instructed the jury as follows: "I think I should inform the jury at this point that it is the Commonwealth's contention that the gun that fired the fatal shot was a .38 caliber gun, and there is no contention by the Commonwealth that the actual weapons that Trooper Pierotti is about to refer to were the weapons that were used in the shooting or were, indeed, even capable of being used in this shooting. These weapons are being referred

to at this point simply for the purpose of giving the total picture of what was taken from the hotel room at the time, but there is no suggestion that these were the weapons that were used or even capable of being used in the shooting in this case."

The State trooper testified that he had searched the defendant's room. The defendant seasonably objected to the characterization of the room as his. It would have been better had there been a fuller foundation for the characterization of a room in a place of public accommodation as the defendant's room.[1] See *Commonwealth* v. *McLaughlin,* 352 Mass. 218, 229, cert. denied, 389 U.S. 916 (1967). Defense counsel, who knew what the trooper's testimony was expected to be, did not ask for a voir dire hearing on this point, did not move to strike the witness's characterization of the room, and did not cross-examine the trooper to challenge the basis of his view that the room was the defendant's. In light of our conclusion that this evidence was not admissible on another ground but that its admission was not prejudicial, we need not decide whether there was an ample foundation laid for its admission. The defendant's more substantial argument is that the judge should not have admitted evidence that the defendant possessed weapons (and ammunition for weapons), none of which could have been the murder weapon.

The fact that, at or about the time of a crime, a defendant had a weapon that could have been used in committing the crime is admissible in the judge's discretion. "[I]t is commonly competent to show the possession by a defendant of an instrument capable of being used in the commission of the crime, without direct proof that that particular instrument was in fact the one used." *Commonwealth* v. *O'Toole,* 326 Mass. 35, 39 (1950). See *Commonwealth* v. *Watkins,* 375 Mass. 472, 491 (1978) (considering the interval between the time of the crime and the time the defendant was found to have a weapon); *Commonwealth* v. *Bartolini,* 299 Mass. 503, 512, cert. denied,

---

[1] There was evidence that the defendant's girl friend had registered the defendant and herself at the inn two and one-half weeks prior to the search and that they lived there from time to time.

304 U.S. 565 (1938) (possession, and familiarity with the use, of a knife to dismember the victim's body "alone would fall far short of proving guilt, but in connection with the other evidence in this case, it had some legitimate probative force"). The fact that a defendant had a weapon that could have been used in the commission of a crime is relevant as a link in tending to prove that the defendant committed that crime. See *Commonwealth* v. *Drayton,* 386 Mass. 39, 48 (1982); *Poirier* v. *Plymouth,* 374 Mass. 206, 210 (1978); *Commonwealth* v. *Rodriquez,* 364 Mass. 87, 94 (1973); *United States* v. *Ravich,* 421 F.2d 1196, 1204 (2d Cir.), cert. denied, 400 U.S. 834 (1970). Of course, circumstances may be such that the danger of prejudice to the defendant from the disclosure will outweigh the probative value of the evidence. See *Commonwealth* v. *Caine,* 366 Mass. 366, 371 (1974); *United States* v. *Ravich, supra.* In the exercise of discretion, a judge may ameliorate possible prejudice by instructing the jury, on request or on his own motion, concerning the purpose for which the evidence is admitted. See *Commonwealth* v. *Monsen,* 377 Mass. 245, 252 (1979); *Commonwealth* v. *Caine, supra.* It can be a close question whether a trial judge exercised discretion properly in admitting evidence of a defendant's possession of a weapon that could have been used in a crime. See *United States* v. *Robinson,* 560 F.2d 507, 515-516 (2d Cir. 1977), cert. denied, 435 U.S. 905 (1978); *id.* at 518, 522 (Oakes, J., dissenting).

The issue in the case before us involves weapons (and items associated with weapons) that could not have been used in the killing. We have noted that the evidence established that the victim was killed by a .38 caliber bullet. The judge was thus warranted in his discretion in admitting the .38 caliber bullets and the ammunition holder for .38 caliber bullets found in the defendant's room. The admission in evidence of two .32 caliber revolvers and ammunition for other than .38 caliber weapons, said to have been in the defendant's possession, cannot be justified, however, on the traditional ground of relevancy. See *Walker* v. *United States,* 490 F.2d 683, 684-685 (8th Cir. 1974) (improper to admit pistol not similar to one used in crime). Cf. *United States* v. *Walters,* 477 F.2d 386, 388-389

(9th Cir.), cert. denied, 414 U.S. 1007 (1973) (discussing relevancy and prejudice). There is nothing in the opinion in *United States* v. *Ravich, supra,* that supports the view, as the Commonwealth argues, that weapons not possibly associated with a crime are admissible as tending to prove that a defendant, who had those weapons, was the criminal. See *United States* v. *Robinson, supra* at 513.

The fact that the defendant had weapons and ammunition of any kind was arguably relevant in that it tended to show that he was acquainted with weapons and was able to use them. Cases here and elsewhere have not, however, viewed the tenuous relevancy of evidence of a person's general acquaintance with weapons as outweighing the likelihood that such evidence will have an impact on the jury unfair to a defendant. On established principles, the weapons and associated items seized in Pennsylvania, other than the .38 ammunition and .38 ammunition holder, should not have been admitted, even with the cautionary instruction given by the judge. We conclude, however, that the admission of this evidence did not unfairly prejudice the defendant. See *Commonwealth* v. *McLaughlin,* 352 Mass. 218, 230 (1967).

Both the defendant's evidence and the Commonwealth's evidence, not challenged on appeal, presented a picture of the defendant that made insignificant the fact that, approximately three weeks after the killing, the defendant had two .32 caliber revolvers and various types of ammunition. The defense theory at trial was that he would not have committed the crime because he had ample funds as a cocaine dealer. There was evidence, much of it from his own witnesses and none of it challenged on appeal, that the defendant had used various aliases, that he had warrants outstanding against him in Massachusetts at the time of the crimes, that he was in the cocaine business, that he traveled back and forth from Pennsylvania to Florida to pick up cocaine, that he had been arrested with cocaine in his motor vehicle, that he had spent time in jail, that he had carried weapons at various times, that he often carried large amounts of cash, and that he had no apparent legitimate means of support.

In light of this picture of the defendant, the fact that the defendant may have had two .32 caliber guns and other items not related to a .38 caliber weapon, when the search was conducted in Pennsylvania on May 9, 1981, becomes insignificant. The error in admitting the evidence was distinctly not prejudicial, and thus the error does not require reversal of the convictions.

2. There was no error in the judge's handling of evidence concerning a silencer marked for identification. The Commonwealth presented evidence that a silencer might have caused a distinctive burr on the fatal bullet. However, the prosecution never connected the defendant with the silencer marked for identification. The judge instructed the jury to disregard the evidence about a silencer and said "there is no sufficient evidence that would justify a conclusion that a silencer was employed in this shooting." The judge was warranted in his discretion in denying the defendant's motion for a mistrial and in handling the matter by a jury instruction. See *Commonwealth* v. *Maldonado,* 389 Mass. 626, 629 (1983); *Commonwealth* v. *Hoffer,* 375 Mass. 369, 372-373 (1978).

3. The defendant challenges aspects of the prosecutor's closing argument, only one of which was the subject of an objection. The challenges not supported by an objection we consider under the broad standard of review made applicable by G. L. c. 278, § 33E.[2] In two instances of possible overreaching, to one of which the defendant objected, the judge stepped in immediately and directly to correct the prosecutor. It was inappropriate to refer to the place where the victim is buried, but on the evidence the prosecutor did not err in arguing to the jury that the defendant was a cocaine dealer or that certain defense witnesses were liars. See *Commonwealth* v. *Fitzgerald,* 376 Mass. 402, 422 (1978); *Commonwealth* v. *MacDonald (No. 1),* 368 Mass. 395, 401 (1975). Defense

---

[2] Strictly, this standard applies only to the murder conviction. See *Commonwealth* v. *Rodwell,* 394 Mass. 694, 698 n.2 (1985). The arguably narrower standard applicable to the armed robbery conviction is whether "a substantial risk of a miscarriage of justice was created." *Commonwealth* v. *Daigle,* 379 Mass. 541, 549 (1980).

counsel did not seek curative instructions on any of the prosecutor's arguments said to have been improper. Although not dispositive of the issue, the absence of any such request from experienced counsel is some indication that the tone, manner, and substance of the now challenged aspects of the prosecutor's argument were not unfairly prejudicial.

4. There is no basis for granting relief to the defendant under G. L. c. 278, § 33E. The question whether the defendant was the person who committed the crimes was hotly contested. Our role is not to second-guess the jury on their determinations of fact. That the case against the defendant was not overwhelming has required us, however, to be particularly sensitive to the possibility that justice may require a new trial because of some error in the course of the proceedings. The defendant received as fair a trial as could reasonably be expected, and there was no prejudicial error of law.

*Judgments affirmed.*