COMMONWEALTH *vs.* JOHN F. SQUIRES. No. 89-P-422. November 21, 1989. *Armed Assault in a Dwelling. Evidence*, Judicial discretion.

The defendant was convicted under G. L. c. 265, § 18A, as appearing in St. 1969, c. 473 ("Whoever, being armed with a dangerous weapon, enters

a dwelling house and while therein assaults another with intent to commit a felony . . ."), and under c. 94C, § 32A (distribution of cocaine). The evidence would have warranted findings that the defendant was the enforcer of a group engaged in cocaine distribution, that the group had supplied cocaine to the victim's youthful housemates for distribution by them, that they had instead consumed the greater part of the cocaine themselves and would have difficulty paying the defendant's group, and that the defendant, armed with a shotgun, and two other men came to the house to coerce payment. Only the victim was at home; there was evidence his housemates had "split." The defendant and his friends remained two and one-half to three hours, terrorizing the victim and killing a cat presumably to underline the gravity of their intentions. None of the housemates returned during this period.

1. The defendant's motion for a required finding of not guilty of the offense under § 18A was correctly denied. He argues that evidence was lacking of felonious intent at the time of the assault because the distribution of cocaine had been completed at an earlier time. However, the collection of payment for the cocaine that was distributed was an integral part of a scheme of distribution, or conspiracy, separate from the substantive offense of distribution, G. L. c. 94C, § 32A($a$). Such a conspiracy is punishable by up to five years in State prison (G. L. c. 274, § 7) and hence is itself a felony. See G. L. c. 274, § 1; *Commonwealth* v. *Graham*, 388 Mass. 115, 118 (1983). Alternatively, it could be found on the evidence that the defendant's purpose was to collect payment from the housemates by threat of bodily injury and that the victim was assaulted with·the intention that he pass that word along to the housemates. Such a threat is a felony (G. L. c. 265, § 25). It could also be found that the ongoing assault on the defendant was incidental to a principal purpose of assaulting by means of the shotgun (G. L. c. 265, § 15B) the several housemates whose absence was not known to the defendant and his companions until after the assault on the victim had begun.

2. The judge erred in charging the jury on the elements of the crime. He misidentified the time when felonious intent was required as that of the defendant's entry into the house. See *Commonwealth* v. *Flanagan*, 17 Mass. App. Ct. 366, 372 (1984). An obscure objection at the close of the charge was perhaps an attempt to point out the error. In the context of this trial the error was harmless. The evidence was such that no reasonable jury would identify the start of the assault at a later point than the defendant's entry into the house. The interpretation of the evidence advanced by the defendant in this appeal — that the assault may have started only when the defendant killed the cat or when he ejected two shells from the shotgun just prior to leaving — was not suggested by either counsel at trial. There was no evidence that the victim was other than terrified from the outset.

3. The judge's explanation of the meaning of intent to commit a felony was vague but, in the absence of objection, adequate to convey the essential concepts to the jury. The instruction concerning "the specific intent to finish off the drug deal" was a reasonably clear reference to a conspiracy to distribute cocaine. The reference to "the specific intent to commit an armed assault on the inhabitants of the dwelling, whoever were there" should have been qualified to differentiate between the underlying assault on the victim and the intended armed assault or armed assault and battery on the victim's housemates or even on the victim. Compare *Commonwealth* v. *Donoghue*, 23 Mass. App. Ct. 103, 111-113 (1986). In the context of the overwhelming evidence that the principal object of the defendant's coercion was the victim's housemates, there was no likelihood of a miscarriage of justice.

4. The other points argued are without merit. There was no error in the unobjected-to instruction that an assault could consist of "putting a person in fear of immediate bodily injury." See *Commonwealth* v. *Richards*, 363 Mass. 299, 303 (1973). It would probably have been better if the judge had excluded the evidence of the large jackknife the defendant carried when arrested. The judge, however, may reasonably have considered that, in the circumstances (the defendant thought he was about to receive payment for the cocaine), evidence that the defendant was armed had some slight tendency to prove his role as enforcer in a distribution scheme. The ruling thus lay within the judge's discretion, and in light of far stronger evidence of the defendant's readiness for violent encounters, probably had no effect on the verdict. See *Commonwealth* v. *Toro*, 395 Mass. 354, 357-358 (1985); *Commonwealth* v. *Ascolillo*, 405 Mass. 456, 461-462 (1989).

5. Apart from the evidence of the large jackknife, no contention of error bears on the conviction of distribution of cocaine.

*Judgments affirmed.*

*Jane Larmon White*, Committee for Public Counsel Services, for the defendant.

*Ariane D. Vuono*, Assistant District Attorney, for the Commonwealth.