[Cite as *State v. Heyder*, 2014-Ohio-1066.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 13AP-298 |
| v. | : | (C.P.C. No. 12CR-4115) |
| Jacob M. Heyder, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 20, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

*Yeura R. Venters*, Public Defender, and *John W. Keeling*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Jacob M. Heyder, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas. Because the trial court abused its discretion by admitting certain evidence, we reverse that judgment and remand the matter for further proceedings.

## I. Factual and Procedural Background

{¶ 2} On August 16, 2012, a Franklin County Grand Jury indicted appellant with one count of aggravated robbery in violation of R.C. 2911.01, two counts of robbery in violation of R.C. 2911.02, and one count of kidnapping in violation of R.C. 2905.01. The charges alleged that appellant robbed a grocery store in the northwest part of Columbus,

Ohio, and that he possessed a knife during the robbery. Appellant entered a not guilty plea to the charges and proceeded to a jury trial.

{¶ 3} Before trial, appellant filed a motion to prohibit the state from, in part, presenting evidence of a knife that police found in a bathroom where they arrested appellant a few days after the robbery. Appellant argued that the state could not prove that the knife was the one used during the robbery. At a hearing on the day of trial, appellant requested the trial court to ask the victim whether the knife found was the one used during the robbery. If the victim could not identify the knife, then appellant wanted evidence of the knife excluded. The trial court denied appellant's request and allowed the state to proceed with the knife evidence.

{¶ 4} At trial, the victim of the robbery identified appellant as the person who robbed her store with a knife. However, when the state presented the victim with the knife that the police had connected with appellant, she said that she had never seen the knife before and that it was not the knife used during the robbery. The victim described the knife used during the robbery as a small, Swiss-Army type knife. While not ever clearly described by any witness, the trial court described the knife found near appellant at the time of his arrest as a "buck knife," a folding knife with a three and one-half inch blade, a knife that is "very much larger than a key chain size Swiss army knife." (Tr. 93-94.)

{¶ 5} After the victim could not identify the knife as the one used during the robbery, appellant renewed his motion to exclude any further evidence or reference to the "irrelevant and unduly prejudicial knife." (Tr. 90.) Appellant did not seek to have the victim's testimony about the knife stricken but sought the exclusion of any further testimony about the knife. The state argued that the witness could be mistaken about the knife and that it had a good-faith basis to present the knife to the witness. The trial court initially wondered if the knife evidence was helpful to appellant, because if his knife was not the one used during the robbery, it would arguably support his argument that the victim wrongly identified him as the robber. The trial court also wondered why the knife would be relevant after the victim admitted that it was not the knife used during the robbery.

{¶ 6}   The trial court, however, then focused on the possible jury confusion that could occur if there was no explanation of why the knife was presented to the victim. Ultimately, the trial court allowed the state to present additional knife evidence regarding how and why the knife appeared at trial, concluding that the state should be able to explain where the knife came from.  (Tr. 99.)  The trial court also opined that it saw no prejudice at this point in the trial and actually perceived a benefit to appellant, because the victim said that the knife was not the one used during the robbery.

{¶ 7}   Subsequent witnesses testified regarding appellant's arrest five days after the robbery.  After the arrest, which occurred in the bathroom of a bar, a bar employee brought to the police a knife he found in the bathroom.  DNA found on the knife was consistent with appellant's DNA.  That knife was the one presented to the victim of the robbery.  After the presentation of testimony, and over appellant's objection, the trial court admitted the knife into evidence and allowed it to go back to the jury.

{¶ 8}   The jury found appellant guilty of all the charges and the trial court sentenced him accordingly.

## II.  The Appeal

{¶ 9}   Appellant appeals and assigns the following error:

> THE TRIAL COURT ERRED WHEN IT ALLOWED THE STATE TO PRESENT TESTIMONY, OVER OBJECTION, THAT THE DEFENDANT HAD A KNIFE WHEN HE WAS ARRESTED FIVE DAYS AFTER THE ROBBERY.  THE COURT FURTHER ERRED WHEN IT ALLOWED THE STATE TO INTRODUCE THIS KNIFE INTO EVIDENCE WHEN THE STATE KNEW, AND THE EVIDENCE ESTABLISHED, THAT THE KNIFE WAS NOT THE ONE USED TO COMMIT THE ROBBERY, WAS OF NO RELEVANCE TO THE CASE, AND WAS USED AS NOTHING MORE THAN OTHER BAD ACT EVIDENCE USED TO IMPROPERLY PROVE THAT THE DEFENDANT WAS A DANGEROUS PERSON OR A PERSON MORE LIKELY TO BE GUILTY OF A ROBBERY.

### A. Did the Trial Court Abuse its Discretion by Admitting the Knife Evidence?

{¶ 10} Appellant argues in his lone assignment of error that the trial court abused its discretion by admitting irrelevant testimony about a knife appellant had days after the robbery which was not the one used in the robbery.[1]  We agree.

{¶ 11} The admission or exclusion of evidence is a decision within the trial court's sound discretion. *Columbus v. Bishop*, 10th Dist. No. 08AP-300, 2008-Ohio-6964, ¶ 18, citing *State v. Sage*, 31 Ohio St.3d 173 (1987), paragraph two of the syllabus.  Thus, the trial court's decision to admit the knife testimony will only be reversed if the court abused its discretion.  *State v. Cunningham*, 10th Dist. No. 06AP-145, 2006-Ohio-6373, ¶ 33; *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130.  Although an abuse of discretion is typically defined as an unreasonable, arbitrary, or unconscionable decision, *State v. Beavers*, 10th Dist. No. 11AP-1064, 2012-Ohio-3654, ¶ 8, we note that no court has the authority, within its discretion, to commit an error of law.  *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶ 70.

{¶ 12} Appellant argues that the knife evidence admitted by the trial court was irrelevant pursuant to Evid.R. 401 because the victim testified that it was not the knife used in the robbery.  Appellant also argues that the knife evidence was improper "other acts" evidence in violation of Evid.R. 404(B).  Evid.R. 401 defines "relevant" evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Generally, all relevant evidence is admissible and irrelevant evidence is inadmissible.  Evid.R. 402; *State v. Sowell*, 10th Dist. No. 06AP-443, 2008-Ohio-3285, ¶ 78.  Additionally, pursuant to Evid.R. 404(B), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  Such evidence may be admissible, however, for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, ¶ 66, quoting Evid.R. 404(B).

---

[1] We will refer to this testimony as the "knife evidence."

{¶ 13} We agree that the knife evidence was irrelevant after the victim testified that it was not the knife used during the robbery. *Walker v. United States*, 490 F.2d 683, 684-85 (8th Cir.1974) (gun found in possession of defendant days after armed bank robbery was irrelevant for defendant's trial on bank robbery after two witnesses to the robbery testified that the gun was not used in the robbery).

{¶ 14} The state's argument in support of admissibility of the knife evidence ignores appellant's evidentiary concerns. Instead, the state argues that once the victim could not identify the knife as the one used during the robbery, the trial court had discretion to decide how best to explain the presentation of the knife evidence at the trial. The trial court could have prohibited further reference to the knife or, as it chose to do, it could have allowed the state to present additional evidence to explain why the knife was presented to the victim so that the jury was not left wondering. The state argues that the trial court's choice to allow the additional evidence was the better choice, especially considering the trial court's belief that the knife evidence actually benefited the appellant.

{¶ 15} To support its argument, the state relies on language from *Old Chief v. United States*, 519 U.S. 172 (1997). A review of that case, however, reveals that the state's reliance on that language is misplaced. In *Old Chief*, the defendant had been charged with possession of a firearm by someone with a prior felony conviction. Before trial, the defendant attempted to stipulate to the fact of the prior conviction without revealing the name and nature of the conviction, arguing that the name and nature of the prior conviction[2] would unfairly prejudice him. The prosecutor refused to enter into a stipulation because it interfered with the right "to prove his case his own way." *Id.* at 177. The district court rejected the stipulation and allowed the prosecution to present evidence to prove the prior conviction, specifically, a judgment of conviction that included the name and nature of the offense. After a conviction, the appellate court affirmed that decision, noting that the prosecution is entitled to prove the prior conviction element of an offense through introduction of probative evidence.

{¶ 16} The Supreme Court identified the issue of the case as "whether a district court abuses its discretion if it spurns [an offer to concede the fact of the prior conviction] and admits the full record of a prior judgment, when the name or nature of the prior

---

[2]  The defendant had been convicted of an assault that caused bodily injury. *Id.* at 175.

offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove the element of prior conviction." *Id.* at 174. Relying heavily on the risk of unfair prejudice that results from the jury's knowledge of the name and nature of the previous conviction and the fact that the statutory offense only required any felony conviction, the court concluded that a district court does abuse its discretion when it admits the record of a conviction if a defendant offers to stipulate to that fact. *Id.* at 190-91. Thus, the issue in *Old Chief* concerned how a district court should allow presentation of evidence to prove a relevant matter at trial, i.e., a prior conviction. This issue is different from that presented in the instant case, where the knife evidence became irrelevant when the victim could not identify the knife as the one used during the robbery.

{¶ 17} As the state points out, the court in *Old Chief* went on to discuss jurors' expectations and the concern that jurors may feel like they are not being told the whole story because they had heard a stipulation or admission instead of "robust evidence" that would be used to prove some fact. *Id.* at 189. In light of the precise issue facing the Court in *Old Chief*, that of choosing one permissible method to prove a relevant fact over another permissible alternative, the discussion regarding jurors' expectations and the quality of evidence the prosecution may present in support of its case has some resonance. However, in a case such as this, where the question is not *how* the prosecution may prove a *relevant* issue but *whether* the prosecution may prove an *irrelevant* issue, that concern has much less or even no significance. Thus, the language in *Old Chief* relied on by the state is not persuasive in this appeal.

{¶ 18} Ultimately, we conclude that the trial court abused its discretion by admitting the knife evidence. Once the victim testified that the knife presented to her was not the one used during the robbery, that knife became irrelevant to the determination of the action. The fact that the state wanted to explain to the jury why the knife was presented to the victim does not change the irrelevant nature of the evidence.

## B. The Trial Court's Error Materially Prejudiced Appellant

{¶ 19} Our analysis does not end with a holding that the trial court abused its discretion by admitting the irrelevant knife evidence. Appellant must also have suffered material prejudice from the introduction of the irrelevant knife evidence. *State v.*

*Zamorski*, 141 Ohio App.3d 521, 526 (1st Dist.2000); *State v. Lascola*, 61 Ohio App.3d 228, 242 (10th Dist.1988) (admission of irrelevant testimony was prejudicial error). Here, the irrelevant knife evidence was materially prejudicial to appellant. If the trial court had not allowed the knife evidence, the jury still would have heard testimony from the victim that appellant robbed her at knife point. This was the only evidence linking appellant to the robbery. The admission of the knife evidence, however, allowed the jury to learn that appellant possessed a knife, and tried to hide the knife at the time of his arrest, even though the knife was not used during the robbery. Although the knife evidence could demonstrate that appellant was not the person who robbed the store, it also could suggest that appellant is a dangerous person who carries a knife and that he could have used a knife, albeit a different knife, during the robbery. This is prejudicial. *Walker* at 684; *Lascola* at 241-42 (prejudicial error admitting testimony attempting to show defendant had a bad character such that he would commit criminal offense).

## III. Conclusion

{¶ 20} We sustain appellant's assignment of error. Accordingly, we reverse the judgment of the Franklin County Court of Common Pleas and remand the matter for further proceedings.

*Judgment reversed; cause remanded.*

CONNOR and O'GRADY, JJ., concur.