After a jury trial in the Superior Court, Ho Huynh, the defendant, was convicted of armed home invasion, G. L. c. 265, § 18C, and assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A.[2] Although the defendant did not object to the prosecutor's closing argument at trial, on appeal he contends that the closing was so egregiously improper that a new trial is warranted. We affirm the convictions.
In determining whether improper statements in closing argument require reversal, we evaluate "all the errors in the context of the entire argument and the case as a whole." Commonwealth v. Santiago, 425 Mass. 491, 500 (1997). "[W]e consider whether defense counsel made a timely objection; whether the judge's instructions mitigated the error; whether the error was central to the issues at trial or concerned only collateral matters; whether the jury would be able to sort out any excessive claims or hyperbole; and whether the Commonwealth's case was so strong that the error would cause no prejudice." Commonwealth v. Harris, 443 Mass. 714, 732 (2005). However, "[w]e determine whether [any] errors occurred, before determining their cumulative effect." Commonwealth v. Leary, 92 Mass. App. Ct. 332, 337 (2017).
First, the defendant claims that the prosecutor improperly appealed to the jury's sympathy when, referring to the victim's sister and girl friend, he said, "When someone barges into your house with a gun, points the gun at your brother or boyfriend and begins to attack, there's a good chance you're not going to remember every single detail of what happened." The defendant contends that this argument violated the rule that "[t]he jury should not be asked to put themselves 'in the shoes' of the victim, or otherwise be asked to identify with the victim." Commonwealth v. Bizanowicz, 459 Mass. 400, 420 (2011). "Asking that the jury focus on the victim distracts attention from the actual issues, and invites the jury to decide guilt or innocence on the basis of sympathy." Ibid.
The challenged argument was not an improper appeal to sympathy or emotion. The prosecutor did not ask the jurors to stand in the shoes of the witnesses to the crime, but rather to use their life experiences and common sense to evaluate the minor inconsistencies in witnesses' testimony. Such an argument is proper. See Commonwealth v. Valentin, 474 Mass. 301, 310 (2016) ("Inviting the jurors to draw upon their own life experience and common sense is permissible"). Although the prosecutor couched his argument in second-person pronouns, the mere use of the words "your" and "you're" does not amount to an improper appeal to sympathy. The propriety of closing argument "does not turn on the presence or absence of the pronoun. Rather it is what is being communicated that is key." Commonwealth v. Jenkins, 458 Mass. 791, 797 (2011). In context, "[w]e think the thrust of the argument was plainly apparent, and that the jury could not have understood it for anything more than ... to explain that [the witnesses'] testimony ... had been affected by the stress of what they had seen." Commonwealth v. Valentin, 420 Mass. 263, 274 (1995).
Second, the defendant claims the prosecutor improperly impugned the defense by arguing, "The case was clear when [the police] arrived at the scene. And anything the police are alleged not to have done is just the defendants grasping at straws. And by making these accusations, all they are doing is creating a distraction, a distraction from what happened." The defendant contends that these comments materially influenced the convictions by distracting the jury from their role as the fact finder. See Commonwealth v. Awad, 47 Mass. App. Ct. 139, 142 (1999). We disagree.
"We have often stated that defense counsel's trial tactics are not immune from comment in a prosecutor's closing argument provided the comment is based on evidence heard by the jury." Commonwealth v. Cohen, 412 Mass. 375, 388 (1992). "It is also not improper for a prosecutor to comment on a defendant's attempt to confuse or distract the jury by diverting their attention from the strong evidence of the defendant's guilt." Ibid.
Here, defense counsel's closing argument focused on discrediting the thoroughness of the police investigation. The prosecutor responded by characterizing the defendant's accusations as distractions meant to divert the jury's attention from the strength of the Commonwealth's case. Such an argument is permissible. See ibid. ("It is not improper for the prosecutor to suggest to the jury that the defendant attempted to 'fool' them"); Commonwealth v. Raposa, 440 Mass. 684, 697 (2004) (nothing improper in prosecutor's statement that defense counsel was able to "spin gold from straw").
Furthermore, we are confident that any error in the closing argument was not prejudicial. Without an objection, we consider "whether there was an error that created a substantial risk of a miscarriage of justice." Commonwealth v. Grandison, 433 Mass. 135, 142 (2001). Defense counsel's failure to object, "[a]lthough not dispositive of the issue, ... is some indication that the tone, manner, and substance of the now challenged aspects of the prosecutor's argument were not unfairly prejudicial." Commonwealth v. Toro, 395 Mass. 354, 360 (1985). The verdicts showed that the jurors "had the capacity to discount hyperbole," Commonwealth v. Anderson, 411 Mass. 279, 287 (1991), as they convicted the defendant on only two of the eight counts charged. "Lastly, and most importantly, we perceive no substantial risk of a miscarriage of justice because the Commonwealth presented a very strong case against the defendant." Leary, 92 Mass. App. Ct. at 340.
Judgments affirmed.

The jury acquitted the defendant of six other charges. The defendant was tried together with a codefendant, who was found guilty on two of his six charges.