**XENIA (City), Plaintiff-Appellee, v. BURTON, Defendant-Appellant.**

Ohio Appeals, Second District, Greene County.

No. 528.   Decided April 8, 1953.

W. A. Miller, City Soliciter of Xenia, for plaintiff-appellee.
J. H. Patricoff, Dayton, for defendant-appellant.

## OPINION

By MILLER, J.:

This is a law appeal from the judgment of the Municipal Court of Xenia, Ohio, finding the defendant guilty of the offense of loitering.

The record reveals that on December 26, 1952, an affidavit was filed charging that the defendant unlawfully did "loiter in a public place being unable to give a reasonable account of himself, contrary to Section 3, 1927 Code, pp. 161-166"; that a trial was had on January 22, 1953, at which the defendant was found guilty and ordered to pay a fine of $35.00 and costs.

The errors assigned may be epitomized as follows:

1. The judgment is contrary to law and against the manifest weight of the evidence.

2. The Court erred in overruling defendant's motion to dismiss at the close of the plaintiff's case, and again at the close of all the evidence.

3. The Court erred in overruling defendant's motion for a jury trial.

4. The Court erred in refusing to admit certain evidence offered on behalf of the defendant.

The facts pertinent to the issues presented reveal that at or about 11:30 P.M. on the date set forth in the affidavit it was reported to the Police Headquarters of the City of Xenia that a person had been seen on the premises of the complainant looking into his window; that upon an alarm being sounded the person ran into an alley in the rear after jumping a fence; that a police cruiser appeared shortly thereafter on the scene, finding the defendant running in an alley about four or five houses beyond that of the complainant; that the description given the police was that the person was wearing a light-colored overcoat and that this defendant was also wearing a coat of the same description; that the defendant was thereupon arrested and taken to the City Prison without being identified by the complainant; that he was only asked what he was doing there, to which he replied that he was going to the bus station, which was approximately five blocks away, but in the general direction in which he was proceeding.

The evidence reveals further that the defendant had been attending a party in the vicinity at which there had been some drinking of highballs; that he had been taken to the party by one of the guests, in his automobile, having been picked up at his home some eight miles distant; that sometime between 11:00 and 11:30 P.M. he left the party without announcing his intention to any one.

At the trial the defendant testified that he left because he was not feeling well; that he was going to the bus station in order to take a bus to his home, although he was not familiar with the bus schedule, or even if one ran to his home located at Fairborn, Ohio.

It is to be noted that the affidavit charges defendant with "loitering" while all of the evidence offered by the prosecution is to the effect that the defendant was running, which has a meaning just opposite to that charged in the affidavit. We think the word "loiter" is properly defined in Words and Phrases, Volume 25, p. 589, as follows:

"To loiter means to be dilatory, to stand idly around, to spend time idly." Clearly, the evidence does not support the charge contained in the affidavit in this respect. Hence, the Court should have sustained the defendant's motion at the close of the prosecution's case.

It is urged by the appellee, however, that ordinance No. 830, upon which the action was alleged to have been based, is in two parts and that the conviction could be sustained under Section 2, but the defendant was not charged with violating this section. The affidavit charges the defendant with violating Section 3, 1927 Code, pp. 161-166. This section was repealed when ordinance No. 830 was enacted, the whole of which reads as follows:

"Section 1. Any person found strolling or loitering, in or upon or about any street, alley or public place in this City, after night, and who cannot give a reasonable account of himself or herself, or of the honesty of his or

her intentions, shall be deemed guilty of an offense and upon conviction thereof, shall be fined in any sum not more than Fifty ($50.00) Dollars.

Section 2. Any person found running or prowling about or upon the premises of any citizen, within this City, after night, without permission of the owner, and who cannot give a reasonable account of himself or herself, or of the honesty of his or her intentions, shall be deemed guilty of an offense, and upon conviction thereof, shall be fined in any sum not more than Fifty ($50.00) Dollars.

Section 3. That Section 3 of an ordinance defining and punishing certain offenses enacted July 15, 1898, as published in the 1927 Code at Page 161, be and it is hereby repealed.

Section 4. That this ordinance shall take effect and be in force from and after the earliest period allowed by law.

Adopted this 13th day of February, 1947."

It therefore appears that the affidavit did not even charge an offense, as the ordinance referred to in the affidavit had been repealed. The Court did not err in overruling the appellant's motion for a jury trial for the reason that the maximum penalty did not exceed the sum of $50.00. **Sec. 13443 GC; Xenia v. Smith, 34 Abs 620.**

The Court should have admitted the evidence proffered by the defendant showing the physical encounter with the arresting officer, as this might have reflected on the credibility of the witness and the weight to be given to his testimony by showing bias and prejudice.

The judgment will be reversed and this Court will render a judgment in favor of the defendant.

WISEMAN, PJ, and HORNBECK, J, concur.