348 So.2d 624 (1977)
Larry Mark LUTHERMAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1334.
District Court of Appeal of Florida, Third District.
July 12, 1977.
Rehearing Denied August 24, 1977.
*625 Bennett H. Brummer, Public Defender and Karen M. Gottlieb, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and PEARSON and BARKDULL, JJ.
BARKDULL, Judge.
Harry Mark Lutherman appeals from convictions of aggravated assault and resisting an officer without violence, pursuant to a jury verdict.
During cross-examination by defense counsel of Officer Martin, the following question was objected to:
"So is it true that Hialeah Gardens and yourself as an individual are under investigation for police brutality as a result of this case?"
The trial court sustained the objection and instructed the jury to disregard. Subsequently, Officer Nieto, another State's witness, was asked by defense counsel:
"Is it true that you are under investigation as a result of police brutality?"
The State's objection was sustained and defense counsel was admonished to restrict himself in the future.
The appellant contends that the trial court erred in refusing to permit defense counsel to question the State's police witnesses concerning an investigation of allegations of police brutality, when the allegations arose from the same incident, as did the charges against the defendant, and where the information sought to be elicited was relevant to show bias or prejudice on the part of witnesses. A defendant in a criminal case is normally accorded a wide range in the cross-examination of prosecution witnesses. Wallace v. State, 41 Fla. 547, 26 So. 713 (1899); Leavine v. State, 109 Fla. 447, 147 So. 897 (1933); Roberts v. State, 164 So.2d 817 (Fla. 1964); Kirkland v. State, 185 So.2d 5 (Fla. 2nd D.C.A. 1966); 35 Fla.Jur., Witnesses, § 190. The credibility, bias, or prejudice of a prosecution witness should be of paramount concern to a jury in the exercise of its fact-finding function. Liberality of cross-examination should be permitted in order to demonstrate a bias or prejudice on the part of a prosecution witness. Wallace v. State, supra; Kirkland v. State, supra; 35 Fla.Jur., Witnesses, § 190.
Clearly, in the instant case, where the only witnesses for the prosecution were the two police officers, the jury should have been permitted to hear evidence and to consider it relating to a pending investigation of these same police officers upon a complaint made by the defendant, in order for the jury to correctly determine their credibility.
Wherefore, for the reasons above stated, the jury verdicts, adjudications of guilt, and sentences be and they are hereby reversed, and this cause is remanded for a new trial.
Reversed and remanded, with directions.