COMMONWEALTH *vs.* ANTHONY C. MAFFEI. December 12, 1984. *Evidence,* Cross-examination. *Witness,* Bias.

Following a jury trial in the Superior Court, Maffei was convicted of assault and battery by means of a dangerous weapon and of attempting to rescue a prisoner. There was evidence that Maffei kicked an M.B.T.A. police officer in the face during a brawl that ensued when the officer attempted to arrest two other men for breaking into a truck. Maffei appeals from his convictions on the ground that the trial judge's limitation of cross-examination concerning the bias of police witnesses deprived him of a fair trial.

The excluded cross-examination concerned the fact that the M.B.T.A. policeman had shot and killed an individual during the altercation, in circumstances that may have suggested wrongful conduct on the officer's part. Maffei offered this evidence for the purpose of showing that the complaining witness and other police witnesses were biased in favor of convicting Maffei. The defendant argues that conviction and subsequent incarceration would make it less likely that Maffei's testimony would be either available or credible in subsequent investigations or litigation regarding the officer's responsibility for the shooting. At trial, Maffei denied kicking the officer. The only evidence of Maffei's culpability was the police officers' testimony that he had confessed to doing so during earlier questioning. We agree that the possible bias of police witnesses was an important question in the case. We do not conclude, however, that the exclusion of some cross-examination on this issue prevented Maffei from adequately conveying the bias issue to the jury.

The leeway allowed to the defense on cross-examination was broad. The trial judge did, however, prevent the complaining witness from answering defense counsel's question whether a civil suit had been filed against him in connection with the shooting.[1] Although no suit had been filed at the

[1] The trial judge ruled: "I'm allowing [defense counsel] to go into the question of the homicide and the melee and all of . . . the somewhat collateral issues. I'm satisfied that we should be doing what we're doing, but I'm not going to allow a question of the existence of a civil suit." The judge went on to say: "[I]f I were to allow that question to be answered . . . then I've opened the door to questions about whether there was an inquest, whether there was any intradepartmental investi-

time of trial, at oral argument before this court counsel admitted that one was filed shortly thereafter. The pendency of another suit would have been relevant to the issue of bias. *Commonwealth* v. *Marcellino,* 271 Mass. 325 (1930). *Commonwealth* v. *Ahearn,* 370 Mass. 283 (1976). However, in light of the wide latitude allowed the defendant in his remaining cross-examination, and the fact that the suit was not pending at the time, the error, if any, was not prejudicial.

Defense counsel's opening statement raised the question of bias. The judge permitted extensive cross-examination of an expert on the question of how close the shooting victim was to the M.B.T.A. officer when he was shot. Defense counsel was allowed to question several police officers as to whether "special attention" was being paid to Maffei's case because of the related homicide and as to whether police officers tended to "help one another out" in such circumstances. The jury were apprised that Maffei and others believed the shooting unjustified and that a police witness felt that the shooting had been unavoidable. Defense counsel called a witness who testified that she saw the officer shoot at his assailants when they were no longer threatening his safety. The defense's closing statement was in large measure devoted to the possibility of a police cover-up.

"Without derogating from the importance to a fair trial of the right of cross-examination . . . this right is not necessarily infringed by curbing inquiry where the matters sought to be elicited have been sufficiently brought to the attention of the trier of fact through other questioning or other means." *Commonwealth* v. *Walker,* 370 Mass. 548, 572 (1976). See also *Commonwealth* v. *Corcoran,* 252 Mass. 465, 486 (1925); *Commonwealth* v. *Michel,* 367 Mass. 454, 461 (1975); *Commonwealth* v. *Hicks,* 377 Mass. 1, 8 (1979). Here, the judge did not exclude all evidence of bias by his rulings. *Commonwealth* v. *Cheek,* 374 Mass. 613, 615 (1978).

*Judgments affirmed.*

*John F. Donovan* for the defendant.
*Robert N. Tochka,* Assistant District Attorney, for the Commonwealth.

---

gation . . . whether the matter of [the complaining witness's] actions were even brought before a grand jury, whether no bill was returned, all of these things that could come up." In spite of this interdiction, counsel was allowed to ask one police witness whether any "charges" had been brought against the complaining witness.