COMMONWEALTH *vs.* EDWARD HALL.

No. 99-P-228.

Hampden. March 8, 2000. - October 11, 2000.

Present: PORADA, DREBEN, & DUFFLY, JJ.

*Controlled Substances. Practice, Criminal,* New trial, Motion to suppress, Instructions to jury, Lesser included offense. *Search and Seizure,* Probable cause. *Probable Cause. Constitutional Law,* Probable cause, Reasonable suspicion, Search and seizure, Investigatory stop. *Evidence,* Bias of government witness. *Witness,* Bias, Credibility, Police officer.

At a criminal trial, the judge correctly denied the defendant's motion to suppress evidence, where an informant's tip, corroborated by police, gave reasonable suspicion to stop the defendant's vehicle, and where the defendant's actions in response to the lawful stop of his vehicle, including his throwing a package of cocaine out of the car as he attempted to flee, gave rise to probable cause to arrest him. [209-211]

At the trial of a criminal case, the judge incorrectly excluded evidence of police brutality at the time the defendant was arrested, which was relevant to the asserted bias of the police witnesses; where the credibility of those witnesses was the main issue at trial, the error required a new trial. [211-213]

Where a criminal defendant denied at trial any involvement in the crime of trafficking in cocaine charged, the judge did not err in refusing to charge on any lesser included offense. [213-214]

INDICTMENT found and returned in the Superior Court Department on December 11, 1996.

A pretrial motion to suppress evidence was heard by *Richard F. Connon,* J., and the case was tried before *Constance M. Sweeney,* J.

*Wendy H. Sibbison (Mark Mastroianni* with her) for the defendant.

*Dianne M. Dillon,* Assistant District Attorney, for the Commonwealth.

DREBEN, J. The defendant appeals from his conviction of trafficking in excess of twenty-eight grams of cocaine. We reverse

his conviction and remand for a new trial because all evidence of police brutality was excluded so as to preclude the defendant from conveying the issue of police bias to the jury. The credibility of the police witnesses was a critical issue at trial. We discuss only those issues that are relevant to a new trial.

1. *Motion to suppress.* The motion judge found the following facts. Based on a tip of a confidential informant that the defendant would arrive at Truman Circle in Springfield between 4:45 and 5:00 P.M. on November 20, 1996 to make a delivery of cocaine, police awaited the defendant. When he arrived, officers in vehicles approached the defendant's car in an attempt to block it, but the defendant drove over the curb and managed to pull away.[1] No guns were drawn. Police pursuing the defendant saw the driver throw an item out of the passenger side window. One of the police cars stopped to retrieve the item, later identified as 66.83 grams of cocaine. Before finally rolling to a stop because of a flat tire, the defendant went through two red lights. He alighted from his vehicle, and a foot chase ensued. After a struggle, during which the defendant received some injuries — the judge found them superficial — he was handcuffed and arrested. Thereafter, a beeper and a cell phone were found in the car, and $1,100 in cash was found on his person.

The defendant claims there was an insufficient basis for finding probable cause or reasonable suspicion for the seizure.[2] He properly concedes that the informant was reliable. The officer receiving the tip, Thomas Scanlon of the narcotics bureau of the Springfield police department, testified that the informant had previously provided information which had led to the seizure of narcotics and convictions in at least five cases.

What the defendant challenges is the informant's basis of knowledge. Scanlon testified that he had spoken by telephone with the informant concerning the defendant on three occasions on November 20, as well as several weeks before. During the second call on November 20, Scanlon asked the informant to find out when one of the narcotics deliveries was going to occur. On the third phone call, the informant stated he was present and participated in an arrangement for a street dealer, who regularly had business with the defendant, to call the defendant in his

---

[1]The defendant testified at the motion hearing that he heard a car behind him skidding and he "pull[ed] off" as a natural reflex.

[2]The police attempt to block the defendant's car was a seizure. See *Commonwealth* v. *Stoute*, 422 Mass. 782, 789 (1996).

vehicle and make plans for a delivery. The informant then told Scanlon that the defendant would be driving a certain color Honda Accord and would deliver drugs between 4:45 and 5:00 P.M. at Truman Circle. Scanlon did not ask for a description of the defendant or of his clothing as he knew the defendant. Truman Circle is a small street with just ten houses on it. The defendant's car, as predicted, arrived at 4:45 P.M.

The informant's tip was based on hearing only the street dealer's part of the conversation and hence was not based entirely on personal knowledge (and presumably was based upon some hearsay). The deficiency was, however, compensated by police corroboration. The informant's description of the expected behavior of the defendant, i.e., his arrival at a certain short street, Truman Circle, in a specified car at a stated time, was verified by the police. See *Commonwealth* v. *Stevens*, 362 Mass. 24, 28 (1972); *Commonwealth* v. *Bakoian*, 412 Mass. 295, 301-302 (1992). See also *Commonwealth* v. *Powers*, 39 Mass. App. Ct. 911, 913 (1995). In these circumstances, the police had reasonable suspicion to effectuate a *Terry* stop. (*Terry* v. *Ohio*, 392 U.S. 1, 21 [1968].) As the motion judge found, once the defendant fled and threw the item to the ground, his actions elevated the suspicion to probable cause to arrest. See *Commonwealth* v. *Sweezey*, *ante* 48, 52 (2000), and cases cited.

Contrary to the defendant's contention, the motion judge was not required to conclude that the police action in attempting to block the defendant's vehicle constituted an arrest rather than a *Terry* stop. "The distinguishing feature of a *Terry* stop is that the intrusion is temporary, and in degree it is not excessive or incommensurate with the accomplishment of its purpose." *Commonwealth* v. *Fitzgibbons*, 23 Mass. App. Ct. 301, 306 (1986). "Blocking generally will be reasonable when the suspect is in a vehicle because of the chance that the suspect may flee upon the approach of police with resulting danger to the public as well as to the officers involved." *Id.* at 304 (citation omitted). *Commonwealth* v. *Blake*, 23 Mass. App. Ct. 456, 460 (1987). Here, although a number of police cars awaited the defendant, they were out of his sight. Only two were present when he attempted to flee. (The defendant claimed he only heard one, see note 1, *supra*.) The intrusion was not incommensurate with the purpose of precluding flight.

The fact that some of the police thought they were converging on the defendant to arrest him did not convert the stop into

an arrest, see *Commonwealth* v. *Cook*, 419 Mass. 192, 198 (1994), nor did the Commonwealth's concession that the police officer's intent was to arrest the defendant, if there was such a concession, bind the motion judge or this court to apply a probable cause standard. See *Commonwealth* v. *Va Meng Joe*, 425 Mass. 99, 102, 106 n.9 (1997) (court obligated to accept a factual concession, but can ignore legal conclusions).

In sum, the judge did not err in declining to apply the probable cause standard and in concluding that the attempt to block the defendant was based on reasonable suspicion. There was no error in the denial of the motion to suppress the cocaine.

2. *Exclusion of evidence of police bias.* At the hearing on the motion to suppress, the accounts of what happened when the police caught up with the defendant varied significantly. Both the defendant and a high school student, one Oliver Duncan, testified that the defendant alighted from the car with his hands up, was grabbed by police officers, handcuffed, and then kicked and beaten. Pictures and medical records confirmed that the defendant had been injured. The defendant also testified that the next day he went back to press charges to "Internal Affairs" at the police station.

On the day prior to trial, when motions and other matters were discussed, defense counsel indicated that he had several witnesses "who [would] testify that [the defendant] was beaten by the police after being handcuffed in a prolonged — protracted, violent manner." This testimony, he claimed, would "go directly towards the credibility of the police." The trial judge responded that she saw no reason for the admissibility of this evidence and would not permit it to come into evidence at that time.[3] The issue, she said, was whether or not the defendant had the drugs. Whether excessive force was used in the arrest was a collateral matter. The judge also indicated that should the matter become meaningful during the trial for some reason she

---

[3]Although the defendant did not bring the matter up again at trial, except as indicated in note 4, *infra*, we do not consider whether the absence of a further objection at trial precludes review, see *Commonwealth* v. *Whelton*, 428 Mass. 24, 26 (1998), as we are not persuaded that the error did not "materially influence the guilty verdict." *Commonwealth* v. *Alphas*, 430 Mass. 8, 13 (1999), quoting from *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967).

did not then appreciate, counsel was to alert her and she would take another look.[4]

"[E]vidence of bias is almost never a collateral matter." *Commonwealth* v. *LaVelle*, 414 Mass. 146, 153 (1993). "The right of a criminal defendant to cross-examine a prosecution witness to show the witness's bias, and hence to challenge the witness's credibility, is well established in the common law, in the United States Constitution (Sixth Amendment), and in the Constitution of the Commonwealth (art. 12 of the Declaration of Rights)." *Commonwealth* v. *Bui*, 419 Mass. 392, 400, cert. denied, 516 U.S. 861 (1995). "If, on the facts, there is a possibility of bias, even a remote one, the judge has no discretion to bar all inquiry into the subject." *Ibid.* The defendant must "make a plausible showing that the circumstances existed on which the alleged bias is based." *Id.* at 401. As stated in *Blair* v. *United States*, 401 F.2d 387, 389 (D.C. Cir. 1968), "It is of course clear that the range of evidence that may be elicited for the purpose of establishing bias of a witness is quite broad and that accordingly evidence of police brutality is admissible for such purposes" (footnote citing 3 Wigmore, Evidence §§ 943-953 [3d ed. 1940] omitted).

Possible bias of police witnesses was an important question in this case. All nine prosecution witnesses were members of the narcotics division of the Springfield police department. If brutality had occurred, they would have had a motive to cover up the beating to protect themselves or their fellow officers. See *Commonwealth* v. *Maffei*, 19 Mass. App. Ct. 924 (1984). The medical evidence and photograph introduced at the motion to suppress, and the testimony of the defendant, of the high school student Oliver Duncan, and even that of the officers concerning the defendant's injuries, gave plausibility to the claim of untoward behavior by the police.

---

[4]The defendant attempted to bring in evidence of police misconduct on redirect examination of one of the defense witnesses, Marcie Stallworth, who testified that she had seen a small male, not the defendant, flee from the car. The prosecution had, without laying a foundation, see *Commonwealth* v. *Brown*, 11 Mass. App. Ct. 288, 296 (1981), elicited the fact that Stallworth had not called the police, and defense counsel wanted to ask her why. He claimed that her response would have been that she saw the police assaulting the defendant, and she was afraid to go to them. The judge ruled the matter was a stretch as she had given a good explanation, namely, that she had come forward after overhearing a conversation about the incident between the relatives of the defendant.

The case against the defendant hinged on the credibility of the witnesses. At trial, the police claimed that the defendant threw the drugs out the window of his car. When they finally caught up with him, he resisted arrest and they had to subdue him. They saw no one other than the defendant leave the vehicle.[5] On the other hand, the defendant's five witnesses put a third person in the car who, the defendant claimed, must have thrown the drugs. A number of these witnesses testified that when the defendant alighted from the car, he had his hands raised. In these circumstances, it was error to exclude all cross-examination and direct evidence of police brutality.[6,7] On retrial, the judge will have discretion to limit such evidence if redundant, but not to exclude it entirely.

Cases elsewhere support the view that evidence of police brutality may indicate bias of police witnesses. See, e.g., *United States* v. *Padilla*, 869 F.2d 372, 379 n.3 (8th Cir.), cert. denied, 492 U.S. 909 (1989); *Lutherman* v. *State*, 348 So. 2d 624, 625 (Fla. Dist. Ct. App. 1977); *People* v. *Lenard*, 79 Ill. App. 3d 1046, 1049 (1979); *McKinley* v. *State*, 465 N.E.2d 742, 746-747 (Ind. Ct. App. 1984); *City of Xenia* v. *Burton*, 128 N.E.2d 134, 136 (Ohio Ct. App. 1953); *Lansdale* v. *State*, 143 Tex. Crim. 167, 168 (1942). See also *Commonwealth* v. *Maffei*, 19 Mass. App. Ct. at 924.

3. *Other matters.* The defendant's account of what occurred — complete denial of involvement — did not, without more, "provide a basis for requiring a lesser included offense instruction" on possession because such evidence "in no way negated" the defendant's intent to distribute the cocaine. See *Commonwealth* v. *Egerton*, 396 Mass. 499, 504 (1986). "It is true . . . that the jury were free to disbelieve all, or any portion, of (the police testimony)," *id.* at 505; for example, they were free

---

[5]The Commonwealth never argued that the defendant was engaged in a joint venture, or that he had constructive possession of the cocaine.

[6]On cross-examination of the defendant by the prosecution, the defendant attempted to testify that the police came at him with force. His unresponsive answer to a question of the prosecutor can not be viewed as sufficient to present the issue of brutality to the jury.

[7]"Because bias, prejudice, and motive to lie are not considered collateral matters, they may be demonstrated by extrinsic proof as well as on cross-examination. There is no requirement that the opponent cross-examine on the matter as a foundation prior to offering extrinsic evidence." Liacos, Massachusetts Evidence § 6.9, at 299-300 (7th ed. 1999) (citations omitted). See *Commonwealth* v. *Gabbidon*, 17 Mass. App. Ct. 525, 531 (1984).

to disbelieve that the large quantity of cocaine indicated trafficking. "The judge's duty to charge on lesser included offenses, however, is not coincident with the jury's unique prerogative as the ultimate fact finder. The judge need not reconstruct all possible factual scenarios subsumed in the evidence presented, no matter how unreasonable, and charge the jury accordingly. There must be some evidence on the element differentiating the greater and lesser offenses." *Ibid.* Although the judge probably would not have been in error in giving an instruction based on the defendant's hypothesis, if rational, on the evidence taken in its entirety, see *Commonwealth* v. *Thayer,* 418 Mass. 130, 133 (1994) (if on any hypothesis of the evidence, the jury could have found the lesser offense, giving an instruction to the jury on this crime is not error), such an instruction was not required. Accordingly, there was no error in the judge's refusal to charge on the lesser included offense. As the remaining contentions of the defendant are not likely to arise on retrial, we see no need to discuss them.

For the reasons stated in part two of this opinion, the judgment is reversed, and the matter is remanded to the Superior Court for a new trial.

*So ordered.*