NESBITT, Senior Judge.
Defendant appeals the denial of his motion and amended motion for post-conviction relief. We reverse and remand for a hearing on the error claimed.
In March 1997, during a domestic disturbance, defendant, Kirk D. Billie, was arrested by Sergeant Brooks and Officer Kimkowski of the Miccosukee Tribal Police. Defendant was charged with resisting an officer with violence, battery on a law enforcement officer, and criminal mischief. He was found guilty on all counts and sentenced to 364 days in county jail (with 60 days concurrent on the misdemeanor). Defendant argues that in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215(1963), the prosecutor failed to disclose to the defense the substance of exculpatory statements made by the main law enforcement witness against the defense.
In Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the United States Supreme Court ruled that “the suppression by the prosecution of evidence favorable to an accused ... violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.” Evidence is material “if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A ‘reasonable probability’ is a probability sufficient to undermine confidence in the outcome.” United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). See Garcia v. State, 622 So.2d 1325 (Fla.1993).
Here, the sergeant told the prosecutor that the officers “would probably lose [their] jobs,” if defendant was found guilty of the charged crimes, due to the political climate in the tribe.[1] Since a witness had *821 accused Brooks of official misconduct in her deposition, the statement put the prosecutor on notice that the officers’ conduct was being scrutinized by their superiors at the Miccosukee Police Department for official misconduct.
At first blush, the suppressed comment appears either inconsequential or helpful to defendant. However the defense argues that the sergeant’s statement established the probability that the officers had a personal stake in the trial’s outcome, and the possibility that the officers might tailor their testimony so as to overcompensate, thus demonstrating to their superiors that they had put aside their personal interest.
Also, on the stand, under questioning by the prosecution on whether he was aware that defendant was a tribal activist, Sergeant Brooks had responded that he had “nothing to do with tribal politics.” Defendant argues that the withheld evidence could have been used to put the officer’s testimony and veracity in question. Furthermore, a jury charge requested by the defense as to Sergeant Brooks’ improperly influencing of Officer Kimkowski to alter his sworn testimony was denied for failure to proffer sufficient evidence to support the instruction. Defendant maintains the evidence at issue may have secured the giving of the instruction.
Without considering every twist and turn such a personal stake might take, we conclude that the claim made entitled defendant to an evidentiary hearing to determine the details of the non disclosure and whether the outcome likely would have been different had the defendant been apprized of the information at issue. See also Lutherman v. State, 348 So.2d 624 (Fla. 3d DCA 1977)(eonciuding that where only witnesses for prosecution were two police officers, jury should have been permitted to hear and consider evidence concerning pending investigation of same officers upon complaint made by the defendant in order to correctly determine officers’ credibility.) In light of the contents of defendant’s motion, we are unable to say that “the record shows conclusively that the appellant is entitled to no relief.” Fla.R.App.P. 9.140(g). Accordingly, we reverse the order under review and remand the case for an evidentiary hearing under the standards set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Reversed and remanded.

. The defendant first became aware of the remarks after the State attached a letter to the State’s response to the defendant's motion for post conviction relief. In the letter, Brooks *821 wrote that he had made the above stated comment to the prosecutor during the pretrial conference.